Michael C. Cohen, Esq., Bar No. 65487
**LAW OFFICES OF MICHAEL C. COHEN**
1814 Franklin Street, Suite 900
Oakland, CA 94612
(510) 832-6436

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| YOLANDA BYRD,<br><br>        Plaintiff,<br><br>vs.<br><br>MEGAN J. BRENNAN, POSTMASTER GENERAL, U.S. POSTAL SERVICE, DOES 1 to 10,<br><br>        Defendants.<br>_____/ | Case No.<br><br>COMPLAINT FOR VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. §2000e ET SEQ., § 501 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 791 as amended by the REHABILITATION ACT AMENDMENTS OF 1992, 29 U.S.C. § 791(g), 29 CFR 1614.101(b) |

**DEMAND FOR JURY TRIAL**

**GENERAL ALLEGATIONS**

    Plaintiff, YOLANDA BYRD alleges:

    1.   Plaintiff Yolanda Byrd (hereinafter referred to as "plaintiff") is an African American adult female. Plaintiff at all times relevant herein, was suffering from a mental disability dysthymia, a persistent depressive disorder, that impaired her ability to concentrate. She could perform the essential duties of her job, with or without a reasonable accommodation.

Complaint For Damages            -1-

2. Defendant, Megan J. Brennan, at all times mentioned herein, except as otherwise alleged herein, is the Postmaster General of the U.S. Postal Service.

3. Plaintiff is employed by the United States Postal Service. She was assigned to report to work at 1675 - 7th Street Oakland, CA 94615. Her job title is "Transfer Clerk". Her immediate supervisor is Vernon Tate.

4. Plaintiff was hired by the United States Postal Service (herein referred to as "U.S. Postal Service") on or about March 1, 1986. She has been employed by the U.S. Postal Service continuously from on or about March 1, 1986, through the present date.

5. Plaintiff is informed and believes and thereon alleges that at all times alleged herein the U.S. Postal Service is a corporation, and or quasi governmental agency of the United States of America, licensed to do business in the state of California of the United States of America, and doing business in the state of California, county of Alameda, of the United States of America.

6. Plaintiff was discriminated against because of her race, sex, while she was working on her job in the work place.

7. Plaintiff complained to the U.S. Postal Service about being discriminated against because of her race, sex. Thereafter, the U.S. Postal Service took adverse employment action against plaintiff to retaliate against her because of her complaints about race discrimination.

Complaint For Damages                -2-

8. Plaintiff is informed and believes and thereon alleges that the U.S. Postal Service engaged in unlawful activity and or allowed unlawful activity to occur at the work place, by and through U.S. Postal Service employees. Plaintiff reported the unlawful activity. Thereafter, the U.S. Postal Service took adverse employment action against plaintiff in violation of whistle blower protection laws.

9. Plaintiff does not know the true names and or capacity of those persons named as Does 1 to 10, in the complaint herein. Plaintiff will seek leave of court to designate the names of said defendants when their true names and or capacity is learned by plaintiff.

10. Plaintiff is informed and believes and thereon alleges that the U.S. Postal Service is an employer subject to the laws set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.; § 501 of The Rehabilitation Act of 1973, 29 U.S.C. § 791 as amended by the Rehabilitation Act Amendments of 1992, 29 U.S.C. § 791(g); 29 CFR 1614.101(b), and whistle blower protection statutes.

### JURISDICTION & VENUE

11. Jurisdiction of this court exists pursuant to 28 U.S.C. Section 1331 because this involves alleged violations of federal laws set forth in Title VII of the Civil Rights Act of 1964 for employment discrimination, as amended, and the Rehabilitation Act. Jurisdiction is conferred on this Court by 42 U.S.C., Section 2000-e-5. Equitable and other Relief is sought under 42

Complaint For Damages                    -3-

1  U.S.C., Section 2000-e-5(g).

2      12. The unlawful conduct and or employment practices
3  complained of herein occurred in the city of Oakland, county of
4  Alameda, state of California.

5      13. At all relevant times, defendant, and each of them,
6  knew or should have known that the U.S. Postal Service's
7  supervising employees and or managerial employee(s), were
8  discriminating against plaintiff because of her race, sex, and or
9  disability and or retaliating against plaintiff because of her
10 prior complaints about discrimination and or her prior
11 participation in EEO protected activities.

12     14. Defendant, despite knowledge and or adequate
13 opportunity to learn of the misconduct of its agents and or
14 employees, including but not limited to managerial employees, and
15 plaintiff's supervisors, retained Vernon Tate, agents and or
16 employees in its service, and thereafter adopted, approved and
17 ratified the acts, omissions and misconduct of said defendants.

18     15. At all times alleged herein, defendant, in doing the
19 acts alleged herein subjected plaintiff to a continuing course of
20 conduct with the motivation to discriminate against her because
21 of her race, sex and or to retaliate against her because of her
22 prior complaints and or her prior discrimination complaints and
23 or her prior participation in EEO protected activities.
24 Defendant acted with the intent to cause plaintiff to suffer
25 emotional distress, severe emotional distress, to lose her job,
26 to lose income and incur expenses, including, but not limited to
27
28 Complaint For Damages                 -4-

1 attorney fees and court costs.

2     16. Plaintiff is a person protected by Title VII of the Civil Rights Act, as amended, The Rehabilitation act and the other laws referred to herein, in that she was employed by U.S. Postal Service, she is an African American female. 29 CFR § 1630.2(g)&(m). Plaintiff is also a person within a protected class because prior to defendant's adverse administrative action against her, she had made complaints of discrimination to the U.S. Postal Service and or participated in EEO protected activities and Vernon Tate and or the U.S. Postal Service, and each of them, knew of her prior discrimination complaints and or knew of her prior complaints of and or her prior participation in EEO protected activities and or activity protected by the Rehabilitation Act.

15     17. Plaintiff filed a complaint with the U.S. Postal Service alleging discrimination based on Race (African American), Sex, (Female), and Retaliation (Prior EEO activity) when: On September 13, 2014, plaintiff was removed from her assignment at the Cargo Force facility and instructed to report to the Oakland Processing and Distribution Center.

21     18. Plaintiff's complaint was processed in accordance with the applicable Equal Employment Opportunity Commission (EEOC) regulations, 29 C.F.R. §1614.103 et seq., An investigation was conducted, and a copy of the investigative report was transmitted to plaintiff on April 7, 2015. Following the receipt of that report, plaintiff did not request a hearing before an EEOC

Complaint For Damages      -5-

Administrative Judge (AKJ) or a final agency decision without a hearing. As the plaintiff failed to request either a hearing or a final agency decision without a hearing, the Agency issued a final decision on June 24, 2015, in accordance with 29 C.F.R. §1614.110(b).

19. At all times relevant to the issue(s) in this complaint, the plaintiff was employed as a Full-Time Transfer Clerks at the Oakland P&DC. Maryvel M. Gonzales, Manager, Distribution Operations, Oakland, P&DC, Race, (Filipino), Sex (Female), intentionally discriminated against her because of her race (African American), Sec (Female), and Retaliation (Prior EEO activity) when: On September 13, 2014, plaintiff was removed from her assignment at the Cargo Force facility and instructed to report to the Oakland Processing Distribution Center (Oakland P&DC).

20. Plaintiff's prior EEO activity is case number 1F-946-0038-14, which Ms. Gonzales became aware of when she received plaintiff's affidavit on August 8, 2014.

21. Ma. Gonzales removed plaintiff from her assignment, which she was rightfully awarded based on her qualifications and seniority. Plaintiff alleges that Ms. Gonzales informed her she could not report to the Cargo Force facility due to an ongoing investigation concerning her unacceptable conduct. Plaintiff did not engage in misconduct and the allegations made against her are not true. The U.S. Postal Service's stated reason for plaintiff's job reassignment is a pretext.

Complaint For Damages -6-

22. As a result of the reassignment, plaintiff is performing job duties of a General Expediter, not a Transfer Clerk, however, her hours and pay have not changed and or increased.
Plaintiff filed a grievance.

23. Plaintiff filed prior EEO complaints, including Case Number 1F-946-0038-14.

24. At the time plaintiff was reassigned the U.S. Postal Service's custom, policy and past practice was not to reassign to perform job duties of jobs outside their job category. The U.S. Postal Service did not reassign other similar situated employees to work on job assignments outside of their job category, without increasing the employee's pay to the appropriate pay grade.

25. The U.S. Postal Service failed to take all reasonable steps to stop and or prevent discrimination and or retaliation against plaintiff from occurring.

26. Plaintiff exhausted her administrative remedy prior to filing the lawsuit herein. She filed her formal complaint on December 26, 2014.

27. The U.S. Postal Service issued the "Final Agency Decision" on June 24, 2015.

28. Defendant's conduct proximately caused plaintiff to suffer emotional distress, grief, worry, anxiety, humiliation, past and future, loss of standing in the work place community, loss of income, and to incur attorney fees. Plaintiff's claim

Complaint For Damages         -7-

for emotional distress damages is $500,000.00.  Her claim for punitive damages is $500,000.00.  Her claim for attorney fees is estimated to be $150,000.00.  The true amount of plaintiff's emotional distress damages, punitive damages and attorney fees will be proven at trial.

29.  Plaintiff hereby demands a jury trial.

**FIRST CAUSE OF ACTION**
**DISCRIMINATION BASED ON RACE, SEX**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS**
**ACT OF 1964, AS AMENDED**, AND THE
**REHABILITATION ACT**

30.  Plaintiff realleges and incorporates by reference Paragraphs 1 through 29 of the Complaint as though fully set forth at length herein.

31.  Defendant, in doing the acts alleged herein discriminated against plaintiff based on plaintiff's race and or sex and or disability and or plaintiff's complaint about safety concerns on the job.  Plaintiff complained to the Chris Stallworth, supervisor of Cargo Force, about the lack of drinking cups to use for drinking water on the job, about one week before her job reassignment. Chris Stallworth complained to the U.S. Postal Service about the issue raised by plaintiff.  On September 12, 2014, plaintiff received a just cause interview by the U.S. Postal Service regarding her complaint about the lack of water cups to use for drinking water on the job.  The next day she received a unilateral job reassignment, outside of her job category, against her will.  Defendant's conduct alleged herein violated Title VII of the Civil Rights At of 1964, as amended,

Complaint For Damages                    -8-

and violated the Rehabilitation Act.

32. Defendant by engaging in conduct including but not limited to the acts alleged herein engaged in continuing course of conduct designed to harass plaintiff and or retaliate against her for her complaints about discrimination, and or unlawful activities and or prohibited personnel practices, and other violations of her constitutional and civil rights.

33. In doing each and all of the acts alleged herein, said defendants, violated Title VII of the 1964 Civil Rights Act as amended, and violated the Rehabilitation Act.

34. Defendant's conduct and or the conduct of each defendant, alleged herein proximately cause plaintiff to lose income, suffer emotional distress, mental anguish, anxiety and worry, and incur attorney fees, and is reasonably certain to proximately cause plaintiff to suffer emotional distress and incur attorney fees in the future all to plaintiff's damage in an amount to be shown according to proof at trial.

35. The conduct of defendants, and each of them, alleged herein was willful, wanton, malicious, and oppressive, in that defendant knew that its conduct was unreasonable and or illegal. Furthermore, defendant's acts were carried out in willful and conscious disregard of plaintiff's rights and well-being such as to constitute malicious, despicable conduct within the meaning of California Civil Code §3294, entitling plaintiff to punitive damages in an amount appropriate to punish or make an example of defendant.

**SECOND CAUSE OF ACTION**
**RETALIATION FOR PRIOR DISCRIMINATION COMPLAINTS/COMPLAINTS ABOUT FAILURE TO REASONABLY ACCOMMODATE HER DISABILITY AND OR PARTICIPATION IN EEO PROTECTED ACTIVITIES IN VIOLATION OF TITLE VII AND THE REHABILITATION ACT**

36. Plaintiff realleges and incorporates by reference Paragraphs 1 through 35 of the Complaint as though fully set forth at length herein.

37. Prior to plaintiff being reassigned to another job plaintiff filed various EEO Complaints and grievances for disparate treatment, against the U.S. Postal Service.

38. Defendants, and each of the, in doing the acts alleged herein and by failing to act, as alleged herein, violated Title VII and violated the Rehabilitation Act by retaliating against plaintiff because of plaintiff's prior complaints about discrimination based on race and or sex or her participation in EEO protected activity.

39. Defendant's conduct proximately caused plaintiff to suffer general and special damages, emotional distress and incur court costs and attorney fees in an amount to be proven at trial.

**PRAYER**

WHEREFORE, Plaintiff prays for judgement against all Defendants, and each of them as follows:

1. Compensatory and special damages, including damages for mental and emotional distress, in an amount to be determined at the time of trial, estimated at $500,000.00;

2. Loss of income;

3. Punitive and exemplary damages in an amount appropriate to punish and/or make an example of the Defendants sued individually herein to be determined at trial, estimated at $500,000.00;

4. Reasonable attorney fees, estimated at $150,000.00;

5. Costs of suit incurred herein, estimated at $3,000.00;

6. Prejudgment interest at the legal rate on the amount of Plaintiff's lost wages and employment benefits; and

7. Such other and further relief as the Court deems just and proper.

Dated: September 22, 2015        LAW OFFICES OF MICHAEL C. COHEN

By: /s/ Michael C. Cohen
Michael C. Cohen,
Attorney for Plaintiff

Complaint For Damages                -11-